[8 NYS3d 543]

In the Matter of STATE OF NEW YORK, Petitioner, v RAYMUNDO V., Respondent.

Supreme Court, Monroe County, February 24, 2015

**APPEARANCES OF COUNSEL**

*Mental Hygiene Legal Service* (*Joseph F. Dinolfo* of counsel) for respondent.

·*Eric T. Schneiderman, Attorney General* (*Robert J. Lee* of counsel), for petitioner.

## OPINION OF THE COURT

DANIEL J. DOYLE, J.

Petitioner commenced this action for civil management pursuant to article 10 of the Mental Hygiene Law by order to show case dated June 18, 2012. Petitioner alleged that respondent has a mental abnormality based upon the evaluation of Marc Martinez, Ph.D. who diagnosed the respondent with the following DSM-IV-TR diagnoses: Axis I, alcohol dependence in a controlled environment; and Axis II, antisocial personality disorder (ASPD).

By motion filed November 5, 2014, respondent moved for an order dismissing this action pursuant to CPLR 3211 for failure to state a cause of action based upon the Court of Appeals decision *Matter of State of New York v Donald DD.* (24 NY3d 174 [2014]). Alternatively, the respondent moved for summary judgment pursuant to CPLR 3212. The Attorney General's office submitted an answering affirmation dated December 10, 2014 and the respondent submitted a reply affirmation dated December 16, 2014.

In order to detain or supervise a respondent pursuant to article 10 of the Mental Hygiene Law, the Attorney General must prove, by clear and convincing evidence, that the respondent is a sex offender who suffers from a mental abnormality (Mental Hygiene Law § 10.09 [h]). A mental abnormality is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). In *Matter of State of New York v Donald DD.*, the Court of Appeals reviewed the diagnosis of antisocial personality disorder in article 10 proceedings (24 NY3d 174 [2014]). The Court, in *Donald DD.*, reviewed the civil commitment of two sex offenders. Donald DD. was diagnosed with antisocial personality disorder. Kenneth T. was diagnosed with antisocial personality disorder and

with paraphilia not otherwise specified (NOS)."

The Court held that the diagnosis of antisocial personality disorder unaccompanied by any other diagnosis of mental abnormality cannot be used to support a finding of mental abnormality as defined by Mental Hygiene Law § 10.03 (i) (*see Donald DD.*, 24 NY3d 174). The Court opined, "The problem is that ASPD establishes only a general tendency toward criminality, and has no necessary relationship to a difficulty in controlling one's sexual behavior" (*Donald DD.*, 24 NY3d at 191).

In *Kenneth T.*, the Court, assuming a mental abnormality, found that there was no "clear and convincing evidence that Kenneth T. had 'serious difficulty in controlling' his sexual misconduct within the meaning of section 10.03 (i)" (*Donald DD.*, 24 NY3d at 187). The evidence in support of the State's position that Kenneth T. had serious difficulty controlling his conduct consisted of an expert's testimony that the respondent "carried out both offenses in a way that would allow for identification by his victims, and the fact that he attempted the second rape despite having spent many years in prison for the earlier crime" (*Donald DD.*, 24 NY3d at 187). The Court opined, "It is evident that circumstances of this nature are insufficient to show, by clear and convincing evidence, that a person has serious difficulty in controlling his sexual urges within the meaning of Mental Hygiene Law § 10.03 (i)" (*Donald DD.*, 24 NY3d at 187). The Court continued, "[I]t is rarely if ever possible to say, from the facts of a sex offense alone, whether the offender had great difficulty in controlling his urges or simply decided to gratify them, though he knew he was running a significant risk of arrest and imprisonment" (*Donald DD.*, 24 NY3d at 188). Although the Court declined to identify what evidence would be sufficient to establish a respondent's serious difficulty controlling his conduct, the Court stated that "[a] detailed psychological portrait of a sex offender would doubtless allow an expert to determine the level of control the offender has over his sexual conduct" (*Donald DD.*, 24 NY3d at 188).

Respondent has been examined by three experts, all of whom agree with a diagnosis of antisocial personality disorder and

---

* The Court noted that paraphilia NOS is a "controversial" diagnosis (24 NY3d at 186) but that a *Frye* hearing had not been requested, therefore the issue of its general acceptance in the psychiatric community was not before the Court.

some variant of an alcohol diagnosis. In addition to Dr. Martinez's evaluation, the petitioner obtained an evaluation by Dr. Tricia L. Peterson who also diagnosed the respondent with antisocial personality disorder and alcohol use disorder, in early remission. Dr. Martinez ruled out the diagnosis of paraphilia, not otherwise specified; Dr. Peterson did not assign this diagnosis.

Dr. John Matthew Fabian conducted respondent's independent evaluation. Dr. Fabian also diagnosed the antisocial personality disorder and alcohol use disorder.

The respondent has brought two separate motions. The first motion seeks an order pursuant to CPLR 3211 dismissing the petition for failure to state a cause of action. Each of the examiners diagnosed Raymundo V. with an alcohol related diagnosis in addition to antisocial personality disorder, therefore this case is distinguishable from the respondents in *Matter of State of New York v Donald DD.* and it cannot be said as a matter of law that petitioner has failed to state a cause of action.

Alternatively, the respondent has moved for summary judgment pursuant to CPLR 3212. In order to prevail, the moving party must make a prima facie showing of entitlement to judgment as a matter of law and submit sufficient evidence to demonstrate the absence of any material issue of fact (*William Iselin & Co. v Mann Judd Landau*, 71 NY2d 420 [1988]). If the moving party demonstrates entitlement to summary judgment, the opposing party must then demonstrate, generally by admissible evidence, the existence of an issue of fact requiring a trial (*Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The issue in this case is whether any alcohol related diagnosis in addition to the diagnosis of antisocial personality disorder is sufficient to support a finding of mental abnormality under article 10. Respondent submitted the affidavit of Dr. John Matthew Fabian in support of his motion. Dr. Fabian opines as follows:

> "With regard to the diagnosis of drug and alcohol add[iction]/abuse such a diagnosis can not be a basis for a mental abnormality finding as it suffers from the same defects that antisocial personality disorder does, in that there is no specific sexual component to the condition . . . It is not a sexual disorder, nor does it predict sexual impulse control. It is a disorder which establishes only that some-

one has had difficulty in being drug and/or alcohol free or resistant—it has no necessary relationship to a difficulty in controlling one's serious sexual offending behavior. Drug and alcohol abuse or addiction does not predispose an individual to the commission of sex offending as that term [is] defined in MHL 10."

Petitioner did not submit an expert affidavit to refute Dr. Fabian's opinion. In their reports, petitioner's experts identified only antisocial personality disorder and other personality traits as bases for their findings of mental abnormality. Neither doctor identified their alcohol related diagnosis as a basis for his or her finding of mental abnormality. Furthermore, petitioner's experts' reports provide little, beyond the facts of the underlying crimes, in support of their opinion regarding Raymundo V.'s inability to control his sexual urges. While the court notes that the case of *Donald DD.* had not been decided when those reports were made, the petitioner failed to supplement those reports to provide additional analysis. Therefore, the court finds that the respondent made a prima facie showing of entitlement to judgment as a matter of law and that the burden shifted to petitioner to submit proof to demonstrate a question of fact. The petitioner failed to meet this burden in that the State relied solely on its order to show cause and petition and the accompanying article 10 evaluation report to refute respondent's proof.

Now, therefore it is ordered, that respondent's motion to dismiss the action pursuant to CPLR 3211 for failure to state a cause of action is denied; and it is further ordered, that respondent's motion for summary judgment pursuant to CPLR 3212 is granted and the Mental Hygiene Law article 10 petition seeking civil management of respondent is hereby dismissed; and it is further ordered, that the respondent shall be released from confinement as soon as practicable unless his continued custody is warranted by other provisions of the law, but that the respondent shall no longer be confined pursuant to any order of this court.